UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LAM, | 1:11-CV-00265 GSA HC |
| Petitioner, | ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, Warden, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner is currently in custody of the Bureau of Prisons ("BOP") at the Taft Correctional Institute located in Taft, California. Petitioner brings this petition to challenge the decision of the BOP denying him participation in the 500-hour Residential Drug Abuse Program ("RDAP"). Petitioner alleges the BOP improperly determined he was ineligible for the program in finding he didn't suffer from an alcohol abuse problem. Petitioner states he has an alcohol problem and needs treatment. He asks that the Court order the BOP to place him in the RDAP.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases[1] provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Claim

Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In this case, Petitioner alleges the BOP improperly determined him ineligible for RDAP.  Petitioner fails to demonstrate that the BOP has violated his due process rights.  McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir.2002).  He has no liberty interest in the discretionary sentence reduction available under 18 U.S.C. § 3621(e)(2)(B).  See Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir.1997).  He also has no right to be confined in a particular prison, nor does he have a right to be transferred to a particular prison.  Olim v. Wakinekona, 461 U.S. 238, 244-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-29 (1976).  Further, there is no requirement that prisoners pass through community treatment centers en route to free society, United States v. Laughlin, 933 F.2d 786, 789

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

(9th Cir. 1991), and an inmate has no right to a specific educational or vocational programs in prison, or to be transferred to another institution to participate in a program. Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Montanye v. Haymes, 427 U.S. 236, 243 (1976).

Congress vested the BOP with broad authority to manage the imprisonment of a convicted person and the residential substance abuse treatment programs. 18 U.S.C. §§ 3621-3625; Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996) ("Regarding substance-abuse treatment programs, the Bureau's discretion begins with deciding whether an inmate ever enters such a program[ ]") (*discussing* United States v. Jackson, 70 F.3d 874, 877 (6th Cir.1995) ("[I]t is solely within the authority of the Federal Bureau of Prisons ... to select those prisoners who will be best served by participation in [drug rehabilitation] programs.")) (alterations in original); see also Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-126 (1977) ("wideranging deference to be accorded to the decisions of prison administrators"). Since the awarding of early release benefits under § 3621(e) is clearly at the discretion of the BOP, the Court finds Petitioner's argument that he has a constitutional right to be placed in RDAP to be without merit.

Moreover, Petitioner's concern that he is not receiving treatment for his alcohol abuse problem is unfounded. He admits he has participated in several drug and alcohol abuse programs in prison. Thus, the BOP decision to deny him eligibility for the credit-earning drug treatment program does not deprive him of the ability to seek appropriate programming.

C.  Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 2, 2011**          /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE